IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SULPICIO CAYABAN,  )
                                )    02:09-cv-00914-GEB-GGH
        Plaintiff,          )
                                )    <u>REMAND ORDER</u>
    v.                           )
                                )
FCI LENDER SERVICES, INC.;   )
DOWNEY SAVINGS AND LOAN     )
LOAN ASSOCIATION, F.A.;      )
DEUTSCHE BANK NATIONAL TRUST, )
                                )
        Defendants.     )
_____)

         Defendant U.S. Bank National Association, Successor in Interest to the Federal Deposit Insurance Corporation as Receiver for Downey Savings and Loan Association, F.A. and FCI Lender Services, Inc. ("Defendant") has noticed a dismissal motion for hearing on May 18, 2009, in which it seeks dismissal of each claim in Plaintiff's Complaint. However, this case will be remanded to the state court from which it was removed because review of the filing which removed this case from state court reveals the federal court lacks removal jurisdiction.

         The removants stated in the notice of removal that removal (from state court) was under 28 U.S.C. § 1331, since Plaintiff has "asserted a claim arising under the . . . laws of the United States." (Not. of Removal at 2.) The only federal question

asserted is the following contention in the Notice of Removal: "Plaintiff alleges that his Fourth Cause of Action is brought pursuant to, *inter alia*, 12 U.S.C. § 1701x(c)(5), for alleged violations of the Housing and Urban Development Act of 1968." (Not. of Removal at 2-3.) The removants' use of the term "*inter alia*" references Plaintiff's state claims which are also alleged in the fourth cause of action. However, as Defendant argues in its dismissal motion the facts alleged in Plaintiff's fourth cause of action only concern state claims. (Motion to Dismiss at 10- 11.) Those state claims do not comprise allegations arising under federal law, or involve a substantial federal question. Since Plaintiff's "claims do not arise under any federal law, this case does not fall within . . . the federal courts' federal question jurisdiction, see 28 U.S.C. § 1331 . . ." ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl., Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

"As a general rule, the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. A case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Id.(internal quotations & citations omitted). "Put simply, the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." Id.

Since the face of Plaintiff's complaint does not state a claim that "arises under" federal law, this action is remanded to the Superior Court of the State of California, County of Solano.

IT IS SO ORDERED.

Dated: May 7, 2009

GARLAND E. BURRELL, JR.
United States District Judge